# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DARREN RADER,                    )
                                 )
                    Plaintiff,   )
                                 )
        vs.                      )        Case No. 12-CV-1465-JAR-KGG
                                 )
OFFICER C. MASTERSON, and        )
CITY OF WICHITA, KANSAS,         )
                                 )
                    Defendants.  )
                                 )

## MEMORANDUM AND ORDER

Plaintiff Darren Rader filed this *pro se* civil action against Officer C. Masterson and the City of Wichita ("the City"), alleging a number of civil rights violations under 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*. Plaintiff alleges that his constitutional right to privacy was violated when Defendant Masterson, a City of Wichita Police Officer, disclosed information concerning Plaintiff's criminal record. He further alleges that the City is liable for Masterson's conduct. Before the Court is Defendants' Motion to Dismiss (Doc. 5) for failure to state a claim upon which relief may be granted. The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court grants Defendants' motion to dismiss with leave to amend.

## I.     Legal Standard

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and contain "enough facts to state

1

a claim to relief that is plausible on its face."[1]  "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[2]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[3]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[4]  Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[5]

    The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[6]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[7]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[8]  "A claim has facial plausibility when the plaintiff pleads factual content

---

[1]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[2]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[3]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4]*Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[5]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6]*Id.*

[7]*Id.* at 679.

[8]*Id.*

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

Because Plaintiff is a *pro se* litigant, the court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[10]  However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[11]  The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[12]  Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.

## II.    Facts

The following facts are alleged in Plaintiff's Complaint and construed in the light most favorable to Plaintiff.  On November 22, 2011, Plaintiff was informed that a Wichita police officer named Masterson had threatened to pull Plaintiff's criminal record.  Plaintiff contacted Wichita Police Department and was instructed to contact Masterson's supervisor.  Plaintiff then made contact with Lieutenant Halloran.  On November 23, 2011, Plaintiff was informed that Masterson had obtained Plaintiff's criminal record.  On the following day, Masterson called Shea Masterson, Masterson's wife, and informed her that Plaintiff had been charged with a crime.  Masterson, since obtaining Plaintiff's criminal record, has shared it with multiple

---

[9]*Id.* at 678.

[10]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[11]*Id.*

[12]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

individuals and used the information in a divorce case.  On July 11, 2012, Plaintiff met with two officers from the Wichita Police Department Professional Standards Division. During the interview, Plaintiff informed the officers that Masterson had physically abused his ex-wife.  The officers stated that they would not pursue criminal charges and stated that the information Plaintiff provided was part of an internal investigation about Masterson's employment.

Plaintiff alleges that the City maintains a pattern and practice of depriving individuals of liberty and property, and of causing damage without probable cause or proper foundation. Further, Plaintiff alleges that the City failed or neglected to properly train and supervise its employees with respect to individual rights as protected by the Constitution.  Plaintiff asserts that the City is liable under the doctrine of respondent superior for the acts of their employees.

As to Masterson, Plaintiff asserts claims under § 1983 for violation of his Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendment rights.  Plaintiff has also alleged claims under 42 U.S.C. §§ 1985, 1986, and 1988.[13]  In Plaintiff's Response to Motion to Dismiss, Plaintiff asserted a number of Kansas state law violations to help support his § 1983 claim, as well as a number of federal criminal law offenses.

## III.    Discussion

### A.    Violation of Constitutional Rights

Although Plaintiff alleges violations under several constitutional amendments, the only factual allegations in the Complaint relate to his right to privacy claim, which arises under the Due Process Clause.  This claim is premised on the alleged invasion of privacy when Masterson obtained his criminal record and disclosed information contained therein.

---

[13]The court need not address Plaintiff's claim under 42 U.S.C. § 1988 because it addresses remedies and damages for claims brought under 42 U.S.C. §§ 1983, 1985, 1986.

In order to support a valid claim under 42 U.S.C. §§ 1983, 1985, or 1986, Plaintiff must show that a right, privilege, or immunity secured by the Constitution was violated.  "The Supreme Court has recognized that the constitutional right to privacy protects an individual's interest in preventing disclosure by the government of personal matters."[14]   "Expectations of privacy are legitimate if the information which the state possesses is highly personal or intimate. Information readily available to the public is not protected by the constitutional right to privacy."[15]  Information contained within arrest and criminal records may be sensitive in nature.[16]  However, "a validly enacted law places citizens on notice that violations thereof do not fall within the realm of privacy. Criminal activity is thus not protected by the right to privacy."[17] Disclosure of information contained within an arrest record does not implicate a constitutional right to privacy.[18]  Therefore, Plaintiff's factual allegations do not state a plausible claim under 42 U.S.C. §§ 1983, 1985, and 1986.

Plaintiff also cites Kansas statutes to support his § 1983 claim.  However, "rights of substantive due process are founded not upon state provisions but upon deeply rooted notions of fundamental personal interest derived from the Constitution."[19]  A § 1983 claim is only valid

---

[14]*Flanagan v. Munger*, 890 F.2d 1557, 1570 (10th Cir. 1989) (citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)).

[15]*Nilson v. Layton City,* 45 F.3d 369, 372 (10th Cir. 1995) (citations omitted).

[16]*Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1155 (10th Cir. 2001).

[17]*Nilson*, 45 F.3d at 372 (citing *Mangels v. Pena*, 789 F.2d 836, 839 (10th Cir. 1986)); *see Stidham*, 265 F.3d at 1144 (finding no constitutional right to privacy from disclosure of allegations of plaintiff raping a young girl).

[18]*Paul v. Davis*, 424 U.S. 693, 713 (1976).

[19]*Mangels*, 789 F.2d at 839 (1986); *Phelps v. Washburn Uni.*, 632 F.Supp. 455, 460 (D. Kan. 1986) ("A section 1983 action will only be viable where there has been a deprivation of constitutional rights.").

5

when a constitutional right is violated, not when a state law is violated.[20]  Accordingly,
Plaintiff's reliance on Kansas state law to support his § 1983 claim is without merit.  Plaintiff
cannot establish a plausible claim that his constitutional rights were violated based on the factual
allegations in the Complaint, therefore his civil rights claims must be dismissed.

       B.       **Qualified Immunity**

      Section 1983 provides a cause of action for the deprivation of rights by any person acting
under the color of a "statute, ordinance, regulation, custom, or usage, of any State or Territory."[21]
Allowing a person to seek damages in an individual capacity suit against the offending parties is
a vital component for vindicating cherished constitutional rights.[22]  In certain circumstances,
however, the individual offending party is entitled to qualified immunity from damages liability
under § 1983.[23]  "Qualified immunity gives government officials breathing room to make
reasonable but mistaken judgments about open legal questions."[24]  To this end, qualified
immunity shields government officials from liability for money damages unless the plaintiff
shows (1) that the official violated a statutory or constitutional law, and (2) that the right the
official violated was "clearly established" at the time of the challenged conduct.[25]  Qualified
immunity is a defense that must be pleaded by the defendant, but once the defendant raises it, the

---

[20]*Mangels*, 789 F.2d 836.

[21]42 U.S.C. § 1983.

[22]*Gomez v. Toledo*, 446 U.S. 635, 639 (1980).

[23]*Id.*

[24]*Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2085 (2011).

[25]*Id.* at 2080.

burden of proof is on the plaintiff.[26]  Unless the plaintiff proves both prongs, the official is

entitled to qualified immunity.[27]  Courts have discretion to decide which of the two prongs of the

analysis to address first.[28]

Plaintiff's claim alleges that Masterson violated his constitutional right to privacy by

revealing information contained within Rader's police record.  As discussed above, there is no

constitutional right to privacy in the information contained within a police report.  The Court

finds that Plaintiff has not shown that a statutory or constitutional law was violated.  Thus,

Defendants are entitled to qualified immunity.

### C.    Municipal Liability

Plaintiff further maintains that the City is vicariously liable for Masterson's alleged

wrongdoing.  The City may not be held liable under § 1983 simply because it employs a person

who is liable under § 1983.[29]  Instead, to hold a county liable under § 1983 for acts of its

employees, a plaintiff must establish that the municipality has a policy or custom that directly

caused the constitutional deprivation of rights.[30]  "[M]unicipal liability may be based on injuries

caused by a failure to adequately train or supervise employees, so long as that failure results

from 'deliberate indifference' to the injuries that may be caused."[31]

---

[26]*Gomez*, 446 U.S. at 640.

[27]*See al-Kidd*, 131 S. Ct. at 2080.

[28]*Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

[29]*Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (10th Cir. 1978).

[30]*City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993).

[31]*Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189 (10th Cir. 2010).

As discussed above, the Court finds that Plaintiff's allegations do not state a plausible claim for relief against Masterson for violating Plaintiff's constitutional right to privacy. The Court found that Masterson caused no constitutional deprivation, which is also fatal to the vicarious liability claim raised by Plaintiff.

In his Complaint, Plaintiff asserts a claim against the City based on the failure to train and properly supervise its employees. Again, the Court's finding of no constitutional deprivation forecloses this failure to train claim. The Supreme Court has explained:

> [I]nadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. . . . Only where a failure to train reflects a "deliberate" or "conscious" choice by a municipality—a "policy" as defined by our prior cases—can a city be liable for such a failure under § 1983.[32]

Plaintiff does not identify any defective policy in the training program, but merely alleges that Masterson's conduct is indicative of the City's failure to train. The Court has found that there was not a deprivation of a constitutional right by Masterson. Therefore, Plaintiff can not support a failure to train claim because, even if there was failure to train, it did not amount to a deliberate indifference of Plaintiff's rights.

### D.   Federal Criminal Allegations

Plaintiff claims that a number of federal offenses occurred as a result of Defendants' conduct, including: violation of oath of office, treason, perjury, and conspiracy. Plaintiff offers these claims in support of damages he should be awarded. Even if Plaintiff had alleged facts to

---

[32]*City of Canton*, 489 U.S. at 388.

8

support his claims, the claims are not plausible because a plaintiff may not bring a civil cause of action for violation of such criminal statutes.

### E.    Supplemental Jurisdiction

In his response Plaintiff claims violation of several Kansas state laws.  To the extent that Plaintiff purports to state a claim under these Kansas statutes, the Court must decide whether to exercise supplemental jurisdiction.  Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction."[33]  The Court considers "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction."[34]

Here, the Court decides to exercise supplemental jurisdiction over the remaining state claims for the sake of judicial economy and convenience.  Plaintiff claims that Defendants have violated K.S.A. §§ 21-6105, 21-3902, and 21-3910.  Both §§ 21-3902 and 21-3910 have been repealed and are no longer valid law.  Plaintiff's claim under K.S.A. § 21-6105 is not plausible because it is a Kansas criminal law, and may not be asserted as a civil cause of action.  Accordingly, the state claims raised by Plaintiff are also dismissed.

### III.    Amendment

"[A] *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an

---

[33]28 U.S.C. § 1367(c)(3); *see Estate of Harshman v. Jackson Hole Mountain Resort*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("Seeking to vindicate values of economy, convenience, fairness, and comity underlying the judicially-created doctrine of pendent jurisdiction, Congress granted statutory authority to district courts to hear claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based.").

[34]*Anglemyer v. Hamilton Cnty. Hosp.*, 58 F.3d 533, 541 (10th Cir.1995) (quoting *Thatcher Enter. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990)).

9

opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect."[35]  Leave need not be granted if amendment would be futile.[36] Plaintiff has not provided any indication in his response to the motion to dismiss to suggest he can overcome the deficiencies cited by the Court in this order through amendment.  Nonetheless, the Court will grant Plaintiff an additional period of time to file a motion to amend the complaint in order to cure the defects identified by the Court.  Failure to file a motion for leave to amend by April 9, 2013, will result in dismissal in accordance with this decision without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 5) is **granted**.  Plaintiff may file a motion for leave to amend the complaint no later than April 9, 2013.  If Plaintiff fails to move for leave to amend by this date, this case will be dismissed in its entirety without further notice.

**IT IS SO ORDERED.**

Dated: <u>March 19, 2013</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[35]*Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

[36]*See Gee v. Pacheco*, —F.3d—, 2010 WL 4196034, at *14 (10th Cir. 2010); *Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1389 (10th Cir.1980) ("Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted.").